**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MORLOCK, L.L.C.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-03202** |
| | § | |
| **REGINALD PETTEWAY AND THE** | § | |
| **BANK OF NEW YORK MELLON,** | § | |
| **TRUSTEE** | § | |
| *Defendants.* | § | |

<u>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

Morlock, L.L.C., a Texas Limited Liability Company, Plaintiff, files this Motion For Summary Judgment.

**NATURE OF RELIEF SOUGHT**

1.      Plaintiff Morlock is entitled to a Summary Judgment against BNY because, based on the Summary Judgment evidence and documents in this case, enforcement of BNY's Deed of Trust lien is barred by the Texas four (4) year statute of limitations.

2.      In this case, Plaintiff Morlock seeks a Declaratory Judgment which declares that enforcement of the Deed of Trust is barred. Morlock also seeks a Summary Judgment which strikes and cancels the Deed of Trust as a cloud on Morlock's title to the Property because enforcement of the Deed of Trust is barred by the Texas four-year statute of limitations and is void.

3.      The undisputed summary judgment evidence supports Morlock's claims because the Note which is secured by the Deed of Trust lien was accelerated and matured as early as 2006 and as late as May 5, 2016, and the Deed of Trust was not foreclosed within (4) years of that date.

**PARTIES**

4.      Plaintiff is Morlock, L.L.C., a Texas Limited Liability Company ("Morlock").

1

5.     Defendants are:

a)     The Bank of New York Mellon, FKA The Bank of New York As Trustee For The Certificateholders Of The CWABS Inc., Asset-Backed Certificate Series 2006-18. ("BNY"); and

b)     Reginald Petteway ("Petteway").

**NATURE OF DISPUTE AND PROCEDURAL BACKGROUND**

6.     This case involves the validity of a Deed of Trust lien held by BNY.

7.     This case was originally filed in the 80th District Court of Harris County, Texas on July 29, 2021.

8.     Defendant BNY filed its Notice of Removal on October 1, 2021.

9.     This case is set for trial in December, 2023.

**FACTS**

10.     Morlock is the owner of a single-family residence located in Harris County, Texas, (the "Property") which is known as 14431 Daly Drive, Houston, Texas 77041, and which is legally described as:

LOT FIFTEEN (15), IN BLOCK THREE (3) OF TERRACES ON MEMORIAL AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 582199 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS ALSO KNOWN AS 14431 DALY DRIVE, HOUSTON, TEXAS 77041.

11.     Morlock is not the obligor on the Note which is claimed to be owned by BNY because Morlock acquired the Property at a Trustee's Sale which was conducted on October 4, 2011.  The Trustee's Sale was conducted on behalf of the Terraces On Memorial Homeowners Association (the "HOA"), the homeowners association for the subdivision, because Petteway, the former owner of the Property, did not pay the HOA assessments. A copy of the Trustee's Deed to

Morlock is attached as Exhibit 1. Morlock has owned the Property for more than eleven- and one-half years.

12.     On July 26, 2006, Reginald A. Petteway, the prior owner of the Property, purchased the Property and executed a note (the "Note") payable to America's Wholesale Lender in the original sum of $397,600. Exhibit 2. The Note was secured by a Deed of Trust (the "Deed of Trust") which was filed of record under Clerk's File Number Z485809 in the Official Public Records of Real Property of Harris County, Texas.  A copy of the Deed of Trust is attached as Exhibit 3.  The Note and Deed of Trust were subsequently transferred to BNY pursuant to an assignment of Note and Deed of Trust, dated December 29, 2006, which was recorded under County Clerk's File No. 20070033114 in the Official Public Records of Real Property of Harris County, Texas. Exhibit 4.

13.     Petteway defaulted under the Note almost immediately after the Note was signed and the loan was closed and was in default almost continuously ever since. BNY accelerated the indebtedness in 2006 and the Property was posted for a Trustees Sale scheduled for January 2, 2007.  A copy of the Notice of Substitute Trustee's Sale is attached as Exhibit 5.  The scheduled sale was not conducted on January 2, 2007.

14.     The Property was also reposted for sale on numerous additional dates.

15.     The Property is located in the Terraces on Memorial Subdivision.  Residences in the Terraces on Memorial Subdivision are subject to Restrictions (the "Restrictions") for the subdivision which are recorded under county Clerk's File No. Y900968 in the Official Public Records of Real Property of Harris County, Texas, which Restrictions include an obligation to pay assessments to the Terraces on Memorial Homeowners Association (the "HOA").  Exhibit 6.

3

16.     In addition to Petteway's numerous defaults under the Note, Petteway failed to pay the HOA assessments which resulted in the foreclosure of the HOA lien and sale of the Property to Morlock on October 4, 2011.  Exhibit 1.

17.     In addition to BNY's prior acceleration of the debt in 2006, on May 5, 2016, BNY accelerated the indebtedness under the Note and sent another Notice of Acceleration of the debt. See Exhibit 7.

18.     This letter was sent to Petteway at a time after he no longer owned or resided in the Property.  This letter was sent almost five (5) years after Morlock became the owner of the Property.

19.     Since that date, there has been no agreement with Petteway or any other party to reinstate the debt.  There has been no payment on the Note.  According to documents produced by BNY there has been no written agreement to reinstate the debt.

## LEGAL ARGUMENTS

**The Court must look to Texas law on the issues of the statute of limitations and tolling**

20.     At the outset, it must be noted that this is a diversity case and the Court must apply the Texas statute of limitations and its accompanying tolling rules.  See *Bloom v. Aftermath Pub Adjusters, Inc*., 902 F 3d 516, 517-18 (5th Cir. 2018); *Jorrie v. BNY Mellon, Trustee*, 740 F. 3d 809 (5th Cir. 2018)

21.     Under Texas law the applicable statute of limitations for a nonjudicial foreclosure sale under a deed of trust is stated in §16.035 of the Texas Civil Practice and Remedies Code, which states:

§16.035.  Lien on Real Property

…

(b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the date of cause of action accrues.

22.     The statute of limitations commences on the maturity date of a note.  *Castillo v. BB&T Co*., 05-19-00584-CV (Tex. App.-Dallas 2020, no pet); *Hardy v. Wells Fargo Bank, N.A.,* 01-12-00945 (Tex. App. – Houston [1st Dist.] 2014, no pet.).

23.     Under Tex. Civ. Prac. & Rem. Code §16.035, in Texas a foreclosure sale under a deed of trust must be held within four (4) years of the date of maturity or enforcement is barred. *Id.*

24.     If a note or deed of trust contains an optional acceleration clause, the cause of action accrues (and the statute of limitations starts to run) when the holder accelerates its option to accelerate. *Khan v. Gbak Props., Inc.,* 371 S.W. 3d 347, 353 (Tex. App.-Houston [1st Dist.] 2012, no pet.)

25.     Because the Note in this case matured when the Note was accelerated, certainly by May 5, 2016, BNY had four years from this date to enforce the Deed of Trust or enforcement would be barred by the Texas four-year statute of limitations.

26.     Four years from May 5, 2016, is May 5, 2020.  It is undisputed that the Deed of Trust was not foreclosed by this date.  To date, more than seven (7) years have passed, and the Deed of Trust still has not been foreclosed.

27.     The purpose of the statutes of limitations is to compel plaintiffs to assert their claims "within a reasonable period while the evidence is fresh in the minds of the parties and witnesses." *Wagner & Brown, Ltd. v. Harwood*, 58 S.W. 3d 732, 734 (Tex. 2001) (quoting

5

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W. 2d 453, 455 (Tex. 1996); see *Murray v. San Jacinto Agency, Inc.,* 800 S.W. 2d 826, 828 (Tex. 1990); *Medina v. Tate*, 438 S.W. 3d 583, 598 (Tex. App.-Houston [1st Dist.] 2013, no pet.).

28.     Since the Note matured in either 2006 or at least on May 5, 2016, unless tolled or extended, the enforcement of the Deed of Trust would be barred unless the Deed of Trust had been foreclosed prior to May 5, 2020.

29.     Where a sale under a deed of trust has not occurred within four (4) years of the date of maturity, the deed of trust is void. *The Cadle Co. v. Butler*, 951 S.W.2d 901 (Tex. App.- Corpus Christi 1997, no pet.); *Woodside Assurance, Inc. v. N.K. Resources, Inc.,* 175 S.W. 3d 421 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

30.     In the present case, Morlock has provided proof that the debt was accelerated originally in 2006 and again as of May 5, 2016.

31.     Therefore, under Texas law, a sale under the Deed of Trust had to be completed within four (4) years or enforcement would be barred and the Deed of Trust would be void.

32.     Since the Note was accelerated, certainly by May 5, 2016, Defendant had four (4) years, in which to conduct the sale under the Deed of Trust which it did not do.

33.     Since the sale was not conducted within four (4) years from the date of acceleration, enforcement was and is barred under Texas law.  Tex. Civ. Prac. and Remedies Code §16.035.

**The evidence supports Morlock's claim to strike BNY's Deed of Trust as a cloud on title**

34.     In its Petition, Morlock seeks a judgment declaring the Deed of Trust to be void and striking the Deed of Trust as a cloud on Morlock's title because enforcement of the Deed of Trust was and is barred by the applicable statute of limitations.

35.     Morlock is the owner of the Property in issue and has filed this action to quiet title. A suit to quiet title is equitable in nature and the principal issues in such suits is "the existence of a cloud on title that equity will remove." *Florey v. McConnell,* 212 S.W. 3d 439, 448 (Tex. App. – Austin 2016, pet denied).

36.     A cloud on title includes any deed, contract, lien or other instrument which is not void on its face that purports to convey an interest in or makes a charge upon the property of the owner, the invalidity of which would require proof. *Wright v. Matthews*, 26 S.W. 3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). A suit to quiet title "enables the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Florey,* 212 S.W. 3d at 448 (quoting *Thompson v. Locke*, 1 S.W. 112, 115 (Tex. 1886).

37.     In order to recover in a title action which involved "clouds" on an undisputed owner's title to real property, the owner challenges an adverse interest that impacts the title of the owner. *Florey v. McConnell,* supra.

38.     A claim is sufficiently adverse if its assertion casts a cloud on the owner's title or enjoyment of the property. *Kratz v. Rodriguez,* 563 S.W. 2d 627, 629 (Tex. App. – Corpus Christi 1977, writ ref'd n.r.e.).

39.     To satisfy the requirements in a suit to quiet title a plaintiff must establish right, title or ownership in property and must allege or identify an adverse claim. *Wright v. Matthews,* supra at 578.

40.     In the present case, it is undisputed that Morlock is the owner of the property which is at issue in this case. See Exhibit 1. Morlock's ownership is not denied and, in fact is admitted by BNY.

7

41.     Morlock has also alleged and identified an interest which is claimed by BNY and which is adverse.  See Exhibit 3.

42.     Morlock has established proof that enforcement of the Deed of Trust claimed by BNY is barred by the statute of limitations.

43.     As stated elsewhere in this Motion, the applicable four-year statute of limitations for a nonjudicial foreclosure sale under a deed of trust is stated in §16.035 of the Civil Practice and Remedies Code.

44.     Where a sale under a deed of trust has not occurred within four (4) years of the date of maturity, the deed of trust is void.  *The Cadle Co. v. Butler,* 951 S.W. 2d 901 (Tex. App-Corpus Christ 1997, no pet.); *Woodside Assurance Inc. v. N.K. Resources, Inc.,* 175 S.W. 3d 421 (Tex. – App. – Houston [14th Dist.] 2005, no pet.).

45.     Since the sale was conducted within four (4) years, enforcement is barred under Texas law. Tex. Civ. Prac. and Remedies Code §16.035.

WHEREFORE, Morlock, L.L.C., Plaintiff requests that Defendant BNY be given notice as required by law; that the Court grant Morlock's Motion and that, Plaintiff be granted all relief as it may show itself justly entitled.

Respectfully submitted,


By: */s/ Jerry L. Schutza*
    Jerry L. Schutza
    SBN: 17853800
    815 Walker, Ste. 1453
    Houston, Texas  77002
    Telephone: (713) 963-9988
    Email: schutzalaw@yahoo.com

    **ATTORNEY FOR PLAINTIFF**
    **MORLOCK, L.L.C.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was sent to opposing counsel and all parties of interest via electronic service on July 24, 2023.


**VIA ELECTRONIC SERVICE**

Damian Abreo


_/s/ Jerry L. Schutza_
Jerry L. Schutza